IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERROD HERNDON, | No. C 11-3015 WHA (PR) |
|     Petitioner, | **ORDER OF DISMISSAL** |
|   v. | |
| SAN FRANCISCO COURTS, | |
|     Respondent. | |

Petitioner, a California state inmate, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has the burden of pleading exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

Petitioner has not done so; nor has he presented any exceptional circumstances to excuse his doing so. *See Granberry*, 481 U.S. at 134. In his form petition, he states that he did not appeal his conviction, sentence or commitment, that he did not seek review in the California Supreme Court, and that he has not filed any other petitions, applications or motions with

respect to his conviction, sentence or commitment (Pet. 5-6). Petitioner must present his claim to the California Supreme Court before it may be considered in federal court.

The petition is therefore **DISMISSED** without prejudice to refiling after available state judicial remedies are exhausted. Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is dismissed. Petitioner has failed to make a substantial showing that a reasonable jurist would find this court's dismissal of the petition debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED**.

Dated: June __30__, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.11\HERNDON3015.DSM.wpd